UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUG WOLSHLAGER,

    Plaintiff,

v.

    Case No. 1:23-cv-917

    HON. JANET T. NEFF

COURTNEY O'MALLY, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

    Plaintiff Doug Wolshlager, proceeding *pro se*, initiated this action by filing the Complaint in August 2023.  The matter was referred to the Magistrate Judge, who issued an Amended Report and Recommendation (R&R), recommending that the Court (1) dismiss Plaintiff's Complaint for failure to state a claim; (2) certify that an appeal of this action would not be taken in good faith; and (3) impose sanctions on Plaintiff for filing frivolous lawsuits (ECF No. 8).  The matter is presently before the Court on Plaintiff's objections to the Amended R&R.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Amended R&R to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

    In the Amended R&R, the Magistrate Judge recommends dismissing the Complaint because Plaintiff failed to allege any plausible claim under the applicable pleading standards (ECF No. 8 at PageID.24).  The Complaint is adequately summarized as follows:

> Plaintiff, who identifies himself as "i, a man Doug Wolshlager," does not allege who Defendants are or what they have done to violate his rights. Plaintiff simply alleges the following: (1) "All presumptions of death of claimant are rebutted"; (2) "From the beginning as God as my witness i Doug a true man of God acknowledge all blessings given by God; repent all transgressions against God; waive all claims without God"; (3) "i require the immediate restoration of all property including my body"; (4) "i require compensation in the amount of five silver dollars per min for doing harm to i, a man"; and (5) "if there is no rebutting verified claim submitted within 3 days my claim stands as truth." (ECF No. 1 at 1.) This is the totality of Plaintiff's allegations.

(*id.* at PageID.22-23).

The Court has reviewed the record and finds no error in the Magistrate Judge's analysis. Plaintiff's rambling objections are difficult to follow and do not raise clear, specific, and meritorious objections. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Furthermore, even after construing Plaintiff's *pro se* pleading liberally as required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff's Complaint falls well short of the pleading requirements of FED. R. CIV. P. 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In sum, Plaintiff fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

The Court must also address the Magistrate Judge's sanction recommendation. The Magistrate Judge recommends (1) "the Court issue a sanction in the form of an order barring Plaintiff from proceeding in forma pauperis altogether in any future lawsuit he may file in this Court" (ECF No. 8 at PageID.25) or (2) "the Court issue an order requiring Plaintiff to obtain leave court as a condition to filing any future complaint" (*id.* at PageID.26).

Sanctions are certainly warranted. Plaintiff has filed numerous frivolous lawsuits in this Court. Most of these lawsuits involve Plaintiff's baseless claim that he is not required to possess a valid driver's license to operate a motor vehicle on the roads and highways in the State of Michigan (*id.* at PageID.24-25). As the Magistrate Judge correctly determined, "Plaintiff's history in this Court demonstrates that he has abused the privilege of proceeding in forma pauperis" (*id.*).

Having determined that sanctions are warranted, the Court must impose the least restrictive sanction necessary to deter inappropriate behavior. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Some courts in this Circuit have barred an individual from proceeding as a pauper in all future lawsuits. *See, e.g.*, *Hopson v. Secret Serv.*, No. 3:12-CV-770, 2013 WL 1092915, at *3 (W.D. Ky. Mar. 15, 2013). However, such a broad prohibition may interfere with that individual's right of access to the courts. S*ee Miller v. Donald*, 541 F.3d 1091, 1096-98 (11th Cir. 2008).

The Court finds that the least severe sanction likely to deter Plaintiff from filing future frivolous lawsuits is barring him from proceeding in forma pauperis in any case that is deemed related to this case by a magistrate judge. *See* W.D. Mich. LCivR 3.3.1(d).[1] This sanction will deter Plaintiff from filing frivolous lawsuits and overburdening the Court without completely foreclosing Plaintiff's right of access to the courts.

Accordingly, this Court adopts the Magistrate Judge's recommendations to (1) dismiss Plaintiff's Complaint for failure to state a claim; (2) certify that an appeal of this action would not be taken in good faith; and (3) impose sanctions on Plaintiff for filing frivolous lawsuits. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not

---

[1] The Magistrate Judge determined that this case was related to *Wolshlager v. Cotter*, No. 1:21-cv-812; *Wolshlager v. Cotter*, No. 1:22-cv-598; *Wolshlager v. Clarke*, No. 1:22-cv-602; and *Wolshlager v. Mettler*, No. 1:22-cv-916.

be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 9) are DENIED and the Amended Report and Recommendation of the Magistrate Judge (ECF No. 8) is ADOPTED as the Opinion of the Court except as modified above.

**IT IS FURTHER ORDERED** that Plaintiff shall not be permitted to proceed in forma pauperis in any future case deemed related to this case.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

**IT IS FURTHER ORDERED** that Defendants Ralph Bansen and Wesley Springer-Grounds' Motion to Dismiss or Motion for More Definite Statement (ECF No. 11) is DISMISSED AS MOOT.

Dated:  October 17, 2023                                     /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                United States District Judge